1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

ANTONIO FERNANDEZ,

Case No. CV 20-05471-AB (JPRx)

11
12

Plaintiff,

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

13

v.

14

DENISE M. HAGOPIAN; STEVEN S. MANOOKIAN,

15
16

Defendants.

17

    Before this Court is Defendants Denise M. Hagopian and Steven S.

18

Manookian's ("Defendants") Motion to Dismiss First Amended Complaint

19

("Motion," Dkt. No. 18). Plaintiff Brian Whitaker ("Plaintiff") filed an opposition

20

(Dkt. No. 19).  Defendants did not file a reply. The Court deems this matter

21

appropriate for decision without oral argument and vacates the hearing scheduled for

22

October 23, 2020.  *See* Fed. R. Civ. P. 78; LR 7-15.  For the following reasons, the

23

Motion is **DENIED**. [1]

24

25

[1] The Court denied a similar motion to dismiss regarding a near-identical complaint litigated by the same counsel herein.  *See Brian Whitaker v. Farm-to-Table Eats*, Case

26

No. 2:20-cv-01899, August 24, 2040 Order Denying Motion to Dismiss (Dkt. No. 38). Given Defendants' counsel's volume of ADA litigation in this district, the Court

27

expects them to learn from experience and take obvious steps to avoid burdening the Court with unnecessary motions involving arguments this Court has already

28

addressed.  Given the aforementioned Order in *Whitaker*, covering very similar issues

1.

1    **I.    BACKGROUND**

2         The First Amended Complaint ("FAC," Dkt. No. 16) alleges in relevant part as

3    follows.

4         Plaintiff is a California resident with physical disabilities. He is paralyzed from

5    the waist down and uses a wheelchair for mobility.  FAC ¶ 1.  Plaintiff went to

6    Defendants' store, Party Time Liquor, with the intention of getting something to

7    drink.  FAC ¶ 8.

8         On the date of Plaintiff's visit, Defendants failed to provide wheelchair

9    accessible parking in conformance with the ADA Standards.  FAC ¶ 11.  The parking

10   space marked and reserved for persons with disabilities had slopes within the surface

11   of the access aisle that exceeded the maximum permitted by the ADA Standards.

12   FAC ¶ 12.  Additionally, there was no accessible path from the parking area into Party

13   Time Liquor for two reasons.  First, there was no level landing at the front entrance,

14   but a ramp with slopes in excess of 14%.  Second, Party Time Liquor had firewood

15   for sale stacked just inside the door, which narrowed the clear path of travel through

16   the only door that was openable to less than 32 inches.  FAC ¶ 13.  Plaintiff also

17   alleges that inside Party Time Liquor, the aisles and paths that lead to merchandise

18   were blocked and narrowed to between 18 and 26 inches in width, creating barriers for

19   wheelchair users.  FAC ¶ 14.  Lastly, Plaintiff alleges that the only sales counter in

20   Party Time Liquor is 42 inches in height with no lowered portion for wheelchair users.

21   FAC ¶ 15.

22        Plaintiff alleges that these barriers relate to and impact his disability, that he

23   personally encountered the parking and entrance barriers, that Defendants denied him

24   full and equal access, and that Defendants' failure to provide accessible facilities

25   created difficulty for the Plaintiff.  FAC ¶¶ 16–18.  Additionally, while not personally

26

27   _____

28   and resulting in similar dispositions, the instant Motion bordered on frivolous.  The
     Court expects counsel to heed this admonition going forward.

1   encountering the inside barriers, Plaintiff was informed of the counter and interior
2   path of travel barriers and is now deterred from returning to Party Time Liquor due to
3   his knowledge of such barriers.  FAC ¶ 16.

4       Plaintiff alleges that he lives 1.4 miles away from Party Time Liquor, is
5   constantly in and around the store and desires to have this store made accessible to
6   him.  FAC ¶ 16.  Plaintiff  will return to Party Time Liquor to avail himself of its
7   goods and to determine compliance with the disability access laws once it is
8   represented to him that Party Time Liquor and its facilities are accessible, but is
9   currently deterred from doing so because of his knowledge of the existing barriers and
10  his uncertainty about the existence of yet other barriers on the site.  FAC ¶ 21.

11      Based on these factual allegations, Plaintiff asserts claims under both the ADA
12  and the Unruh Civil Rights Act, Cal. Civ. Code § 51–53 ("Unruh Act").  Defendants
13  move to dismiss both claims for lack of standing.

14  **II.    LEGAL STANDARD**

15      Under Rule 12(b)(1), a complaint may be dismissed for lack of subject matter
16  jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Federal courts are required sua sponte to
17  examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*,
18  279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted); *accord United*
19  *States v. Hays*, 515 U.S. 737, 742 (1995).  Where a defendant brings a facial attack on
20  the district court's subject matter jurisdiction under Rule 12(b)(1), the court
21  "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable
22  inferences in his favor." *Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004).
23  Courts do not accept the truthfulness of legal conclusions contained in the complaint
24  when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1).
25  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

26      Unlike a facial Rule 12(b)(1) motion, a factual attack on subject matter
27  jurisdiction under Rule 12(b)(1) gives the district court discretion to consider extrinsic
28  evidence and, if disputed, weigh the evidence to determine whether the facts support

1   subject matter jurisdiction without converting the motion to dismiss into a motion for
2   summary judgment.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "The
3   presumption of correctness that we accord to a complaint's allegations falls away on
4   the jurisdictional issue once a defendant proffers evidence that calls the court's
5   jurisdiction into question."  *Commodity Trend Serv., Inc. v. Commodity Futures*
6   *Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

7   **III.   DISCUSSION**

8        Plaintiff bases his claims of relief on the Americans with Disabilities Act
9   ("ADA") and the Unruh Act.  The ADA prohibits discrimination in places of public
10  accommodation.  42 U.S.C. § 12162(a).  Discrimination includes "a failure to remove
11  architectural barriers . . . in existing facilities . . . where such removal is readily
12  achievable."  42 U.S.C. § 12182(2)(A)(iv).  Any violation of the ADA is also a
13  violation of the Unruh Act.  Cal. Civ. Code § 51(f).  Thus, Plaintiff argues that since
14  Defendants violated the ADA, Plaintiff is entitled to the statutory damages outlined in
15  the Unruh Act.

16       Defendants move to dismiss on grounds that Plaintiff lacks standing to bring the
17  instant ADA claim under Rule 12(b)(1) because Plaintiff's FAC has failed to allege
18  facts demonstrating an injury-in-fact.

19  **A. Plaintiff's FAC Establishes ADA Standing and Survives Rule 12(b)(1)**

20       To show standing, a plaintiff "must demonstrate that he has suffered an injury-
21  in-fact, that the injury is traceable to the [defendant's] action, and that the injury can
22  be redressed by a favorable decision."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631
23  F.3d 939, 946 (9th Cir. 2011) (en banc).  Further, to establish standing for a claim of
24  injunctive relief, as Plaintiff does here, "he must demonstrate a 'real and immediate
25  threat of repeated injury' in the future."  *Id.* (quoting *Fortyune v. Am. Multi-Cinema,*
26  *Inc.,* 364 F.3d 1075, 1081 (9th Cir. 2004)).  The Ninth Circuit has recognized that an
27  ADA plaintiff can show a likelihood of future injury in one of two ways: (1) by
28  demonstrating that "he intends to return to a noncompliant accommodation and is

4.

1    therefore likely to reencounter a discriminatory architectural barrier," or (2) by

2    demonstrating "sufficient injury to pursue injunctive relief when discriminatory

3    architectural barriers deter him from returning to a noncompliant accommodation."

4    *Id.* at 950.  "[A]n ADA plaintiff who has been discriminated against in one aspect of

5    public accommodation may, in a single lawsuit, obtain an injunction to prevent

6    impending discrimination on account of his specific disability throughout the

7    accommodation."  *Id.* at 953.

8         An injury-in-fact is "an invasion of a legally protected interest which is (a)

9    concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or

10   'hypothetical.'"  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (omitting

11   internal citations).   An injury is concrete and particularized when a plaintiff suffers

12   discrimination due to barriers at a public accommodation and those barriers have

13   deterred plaintiff from returning.  *Doran v. 7-Eleven*, 524 F.3d 1034, 1041 (9th Cir.

14   2008).  A plaintiff suffers an "actual and imminent" injury when he alleges "(1) that

15   he visited an accommodation in the past; (2) that he was currently deterred from

16   returning to the accommodation because of ADA violations; and (3) that he would

17   return if the ADA violations were remedied."  *Id.* (citing *Molski v. Arby's Huntington*

18   *Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005)).

19        We are mindful that the "Supreme Court has instructed us to take a broad view

20   of constitutional standing in civil rights cases, especially where, as under the ADA,

21   private enforcement suits 'are the primary method of obtaining compliance with the

22   Act.'"  *Doran*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life*

23   *Ins. Co.*, 409 U.S. 205, 209 (1972)).  However, "a liberal interpretation of a . . . civil

24   rights complaint may not supply essential elements of the claim that were not initially

25   pled."  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

26        In *Chapman*, the plaintiff's complaint alleged that he was "physically disabled,"

27   and that he "visited the Store" and "encountered architectural barriers that denied him

28   full and equal access."  631 F.3d at 954 .  Plaintiff never alleged what exact barriers he

encountered or how his disability was affected by the barriers so as to deny him "full and equal" access that would satisfy the injury-in-fact requirement.  *Id.*  The Ninth Circuit held that the plaintiff lacked standing because he "[left] the federal court to guess" what barriers he encountered, how those barriers deprived him of full and equal access, and how those barriers deterred him from visiting the store.  *Id.* at 955.

Despite Defendants' suggestion otherwise, Plaintiff's FAC does not suffer the same fate as the *Chapman* plaintiff's complaint.  The FAC articulates each barrier he faced: (1) the sole parking space marked and reserved for persons with disabilities had slopes within the surface of the access aisle that exceeded the maximum permitted by the ADA standards; and (2) the inaccessible path from the parking area into Party Time Liquor due to the lack of a level landing at the front entrance (but instead, a ramp that slopes in excess of 14%) and the placement of merchandise just inside the door, which narrowed the clear path of travel.  FAC ¶¶ 12, 13.  Thereafter, Plaintiff alleges how these barriers denied him "full and equal access": Plaintiff "personally encountered" these barriers and they created "an insurmountable problem for him" as a wheelchair user.  FAC ¶ 16.  For example, Plaintiff alleges that he asked another customer to buy a drink for him because Plaintiff was unable to gain entrance to Party Time Liquor due to the barriers.  FAC ¶ 16.  With respect to the barriers inside Party Time Liquor, Plaintiff alleges that he was informed of these barriers and is deterred from returning to Party Time Liquor due to his knowledge of such barriers.  FAC ¶ 17.

Further, Plaintiff satisfies the requirement of a "real and immediate threat of repeated injury" in the future.  He that he lives 1.4 miles from Party Time Liquor, is in the vicinity on a "constant" basis, and would return to Party Time Liquor  "to avail himself of its goods," but "is currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site."  FAC ¶ 21.  As the Ninth Circuit has explained, demonstrating an intent to return to a noncompliant accommodation is not required.  "A disabled

individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949.  Here, Plaintiff has alleged as much thereby satisfying the ADA standing requirements.

## IV.     CONCLUSION

Defendants' Motion to Dismiss is **<u>DENIED</u>**.    **IT IS SO ORDERED.**

Dated:  October 22, 2020          _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

7.